May it please the court, Gregory D. Ivey on behalf of the plaintiff appellant, Valerie Soto. And who's with you at your council table? This is Ms. Ann Rue, who is a colleague of mine. Okay. The IDEA, specifically Section 20 U.S.C. Section 1415L, requires exhaustion prior to pursuing Section 504 and Title II ADA claims when the plaintiff is seeking relief that is also available under the IDEA. Our client asserted and settled their IDEA claims and have achieved all relief available under the IDEA through the administrative process. So I want to make sure. Do you concede that your client was required to exhaust their remedies under the IDEA claim then? I do. Okay. Because the remaining relief requested, specifically monetary damages, is not available under the IDEA, the plaintiff appellant has fulfilled their obligation to exhaust administrative remedies. Nothing in the IDEA. The complaint sought damages? Yes. And that has not been considered by the district court? To my knowledge, based on the decision by Judge Mahan at the United States District Court of Nevada, that was not mentioned. And is that the only thing that's on the table now? You're completely satisfied with what the hearing officer did and what the school district did in terms of the settlement that was reached? Well, the settlement reached by district counsel and myself was a good resolution of the IDEA claims. There are things that factually happened subsequent to that settlement of those. Anything other than monetary damages? Currently, no. What are the other things you're referring to? You just said other things. What are you referring to? I was referring to there were some things factually that happened relative to the terms of the settlement agreement of the IDEA claims. That's not a part of... But they're not in the record of this case, so we... Correct. Correct, Your Honor. So as far as we're concerned, the settlement completely disposed of the IDEA claim? Yes, Your Honor. Okay. So nothing in the IDEA itself? So there's no need to go back to the hearing officer? No, Your Honor. There's no basis to go back to the hearing officer and tell him or her that there are things that need to be tweaked or done better? No, Your Honor. So if I understand it, the question that we're required to answer is simply whether mediation that is not followed by a due process hearing counts as exhaustion under the statute. Is that a correct understanding of the question? Yes, Your Honor. Mediation or a settlement agreement during the resolution period. Settlement agreement expired, right? The settlement agreement has expired, Your Honor. But what we are seeking is vindication of rights that are related... What's your response to Judge Graber's question about the legal issue that's in front of us? Whether in the absence of a hearing and a final resolution in order by a hearing officer, your client has exhausted her administrative remedies. Yes, that's our position, Your Honor. Tell us why. Because we settled everything under that statute and obtained all relief that we could to go forward. What we're seeking in this complaint is a vindication of related but separate and distinct Federal rights. You've now told us three times what it is that you want that's different from the educational, the FAPE claims. Why? Tell us why that's you've exhausted your administrative remedies. You've conceded exhaustion is a requirement, correct? Correct. Tell us why what has been done equals exhaustion. Well, the stepping back, the IDA has built in, in its statutory framework, a resolution period and mediation, so it's promoting settlement at all phases. We... Let me try it this way. We settled... Let me try it this way. Okay. Okay? What's your best case for arguing that not having gone through a hearing and not having a final order from a hearing officer eliminates the requirement of exhaustion? Do you have a case? There's a case in front of this Court, Ninth Circuit, AGV Paradise Valley. The facts are very similar to the facts in our case. The plaintiff and school district in Arizona settled their IDA claims through a settlement agreement, and then that plaintiff proceeded with Section 504 ADA, and in that case State tort claims, and there was no exhaustion issue in that case. Okay. There's nothing statutorily... That's your best case? I'm not saying there aren't any. Are you saying that's your best case? That is my best case.  Do you want to save some time for rebuttal? Yes. Okay. You've got a little over three minutes. Thank you very much for your argument. Thank you. We'll hear from the school district at this time. Good morning. Good morning. May it please the Court? My name is Phoebe Redman, Assistant General Counsel. Are you going to tell us who's with you at your counsel table? Oh, yes, of course. I have a colleague, Mr. Michael Harley, at my counsel table. Thank you. Thank you. And I am Phoebe Redman, Assistant General Counsel, representing the Clark County School District of Nevada. The plaintiffs have not exhausted their administrative remedies. The whole intent behind exhaustion is to make sure that we do not shift the responsibility of developing a record by the expertise of school officials as well as other experts that could participate in the development of a record. What plaintiffs are asking you to do is to shift that responsibility onto the courts. Counsel, there's certainly some attractive policy reasons to think that a settlement of the IDEA issues is a form of exhaustion. The point being, it has sort of a perverse incentive if the school district realizes that it's terribly wrong and wants to settle and quickly give the situation to which he or she is entitled, it cuts off any opportunity to say, well, that really wrong thing also caused damages up until the time of the settlement. So, of course, the policy doesn't count unless it's in the statute. So what is your best statutory argument as to why a settlement along the way doesn't count as completing the administrative process, albeit in a different fashion? Okay. Then you're really directing me to an interpretation of 20 U.S.C. 1415-L and the legislative background in putting the HCPA in the statute itself. My best argument probably is the one that Judge Gorsuch raised in his decision in the Tenth Circuit, where they considered the policy arguments but felt that the policy being forwarded by the plaintiffs in that case or the appellants in that case were, I believe, speculative and against Congress's intent in developing 1415-L, which was to allow these other statutes that support or protect the rights of children with disabilities. But the appellant ---- What should counsel have done? One of the things we try to do when we reach decisions in cases is to give a pathway for people who may encounter this situation in the future. What should have been done in this case to ensure exhaustion? They ask for a hearing. There is a hearing. In the course of the hearing, there is a settlement. They seem perfectly happy with the resolution of the educational plan for the child, and they're satisfied and they're done, but they've got these other claims. What should they have done at the point that they became satisfied with the resolution of what they brought before the hearing officer? I believe that they should not have settled. If they knew that they were going to seek monetary damages before the Federal District Court, they should not have settled because even applying the rationale from Frey, the recent Supreme Court decision in Frey of the Napoleon community schools, there are certain issues that could have been developed. For example, at the due process, the experts had not testified or informed the hearing officer of their opinion as to what would be appropriate for the child. Well, they should have gone to the hearing officer and said the settlement is over, the school district has done exactly what was required of the settlement agreement, but we have some claims over and above the IDEA claims, so we want you to enter a final order saying we're done with IDEA, but we've got these other big claims. No. I'm saying that the settlement itself should not have been entered because there are several facts, facts that has been shared by the Supreme Court in the Frey decision that needed to be determined in order for the court to come to the conclusion that exhaustion was required. Remember, when parties enter into agreements, there's always a balancing where there are pro facts for your position or negative facts for your position. But this isn't really a Frey situation. In other words, and we've had some cases also where the gravamen of the complaint is actually not the plan for the student, but is instead, for example, physical abuse of the student or something that is unrelated to the educational plan. And so I'm not really sure how Frey helps us resolve this. Can you explain that a little bit more fully? Thank you. I believe that Frey is exactly on point with this because it is asking those additional questions how this case is coming to the courts. Right. But in that case, they say you had to exhaust or you don't have to exhaust depending on whether the gravamen of the complaint is an IDEA claim. And here we know that it is, and we know that exhaustion is required, but I didn't see Frey dealing with our issue, which is what counts, what procedures count as exhaustion and which don't. Well, conceding that Frey as well as appellants have conceded the requirement, the settlement which was arrived at during the course of the hearing being conducted dismissed those claims with prejudice. So now they have been cut off from exhausting their administrative remedies because they have withdrawn the administrative hearing as well as settling. So doesn't that go back to Judge Graber's policy concern about your position will discourage parties from settling?  I believe that it was the intent of Congress that you would have to exhaust your administrative remedies. If you give away your right and withdraw your administrative ---- Right. So but in response to Judge Hawkins' question about what should they have done, you said they just should not have settled. So going ---- They probably should not have settled if they intended to prosecute a claim in Federal court for monetary damages, because there are significant facts that have not been developed that could have been. Let me ask you a hypothetical question. Suppose a parent has a student who's been physically attacked, slapped, kicked by a teacher, and they want to pursue a damage claim, but they also want to be disappointed with the way the school district has responded in terms of an adequate educational plan. So before they even go to the school district, they file suit on the damage claim, and then they ask for a hearing on the plan going forward. How does that work? Well, looking at the ---- Is it your position that having filed, they can't pursue a claim through a hearing officer process? I must have misunderstood your scenario. They first filed on the physical damage. Yeah. They've got a kid. Teacher slaps or hits the kid. They file suit, state court, ask for damages. But they're also concerned about the educational plan for their student going forward. The student may be autistic, may have other learning difficulties. Are you saying that they can't go to the hearing officer? I believe that they can. They may have to separate those claims. One, and I believe Fry contemplated that you would be able to separate claims that would have to be exhausted as opposed to claims that would not. So in that scenario, I could see two separate approaches on those claims. Okay. Anything else? You're almost out of time. Yes. What I would propose is that you dismiss the complaint and affirm the position of Judge Mahan in Federal ---- Nevada Federal Court, and I submit that you dismiss this action with prejudice because they are cut off from exhausting their administrative remedies because they have settled and withdrawn these issues. Thank you very much. Thank you. Counsel, you have some time for rebuttal. So getting back to some of the questions that you were asking, Ms. Redman, we settled the IDEA issues because that's what the statute contemplates because there is a child with a disability at the end of this that needs services and time is of the essence. So once we ---- when we were presented with an offer, I have an ethical obligation to provide that to my client, and it was a reasonable offer to settle those claims, get that going, and then decide whether or not we're going to move forward with these other civil rights. But the settlement says that all issues set forth in the due process complaint have been resolved. So how do you get around that? Well, we pledged the 504 and ADA issues in the due process complaint. The hearing officer issued an order indicating that he had no jurisdiction over those claims. The settlement agreement, if you look at it in its entirety, is premised on the IDEA. The preamble talks about whereas a dispute arose under the IDEA between the plaintiff and the Clark County School District for denial of a FAPE in the least restrictive environment. So it's limited to the IDEA issues. There's nothing within that agreement that explicitly extinguishes any other rights. Give us an example of the, if you were free to do so, the damages you would seek. We're seeking damages to enable this girl, this little girl, to have an education that's specially designed for her in her home. So behavioral therapy, functional communication. That wasn't part of the settlement? To some extent it was, but that, for a variety of reasons, that broke down. And that is what... The district court dismissed without prejudice, correct? Correct. So you're free to go back to that, to the hearing officer, and tell him there are some problems with implementing the settlement, if you will, right? We are, but we... And also the period of the settlement agreement, I think, has expired. Am I right about that? It has. So there can be a subsequent proceeding for later time periods that wouldn't... It wouldn't matter whether this were dismissed with or without prejudice because it's retrospective. It's not having anything to do with later time periods. So that also, I would think, remains an option. It does remain an option, but it certainly can't, couldn't have been Congress's intent that exhaustion required the completion of a due process hearing with a written decision by an impartial hearing officer. What that would mean... I understand there's nothing to prevent your client from asking for another due process hearing, have a hearing officer appointed, might even be the same hearing officer, and tell that hearing officer, whoever it is, there are problems with what they've done. It's incomplete. There's not a provision for in-home education or the other things you've described. Am I wrong about that? You are not wrong about that, Your Honor. However... You can finish the sentence, but you're out of time. Okay. There's a lot of history with this case. And so this last attempted resolution, we thought we had a good resolution, and things were not followed through, in our opinion, by the Clark County School District. And so plaintiff doesn't feel that it's worth trying another go-around again with the school district. Okay. Thank you for your argument. Thanks to both sides for their argument. Very interesting case. And it's now submitted for decision.
judges: Thacker, Hawkins, Graber